**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT MICHAEL GREENWOOD, | No. 23-3497 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-05874-JHC |
| v. | |
| PIERCE COUNTY MUNICIPALITY; J SLOTHOWER, HSA, RN; MIGUEL BALDERRAMA, MD; CHRISTIE STEELE, Nurse Practitioner, Pierce County Jail; JOHN DOE, Officer, Pierce County Jail (10am shift); JANE DOE, Nurse, Pierce County Jail (10am shift); SABRINA BUAL, RN, Pierce County Jail; J SIMPSON, Clinic worker, Pierce County Jail; NAPHCARE, INC., RN, Pierce County Jail; DIANA BLOWERS, RN, Pierce County Jail; MARY MAPINY, RN, Pierce County Jail, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted July 8, 2026[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Plaintiff Gilbert Michael Greenwood, a Washington state inmate, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action against Dr. Miguel Balderrama and Pierce County arising out of the medical care he received while he was a pretrial detainee at Pierce County Detention and Correction Center. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal and grant of summary judgment. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024). We review the denial of leave to amend for abuse of discretion. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). We review the denial of plaintiff's motion to appoint counsel for abuse of discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). We affirm.

Summary judgment was proper on the inadequate medical care claim alleged against Dr. Balderrama. Plaintiff failed to offer sufficient evidence to establish that the doctor acted with objective deliberate indifference to plaintiff's serious medical needs. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth the standard). Medical records establish that, after the first visit, the doctor promptly referred plaintiff to a specialist and ordered the imaging requested by that specialist. The doctor also promptly responded to plaintiff's requests for prescription medication. Any disagreement that plaintiff might have regarding the ordered treatment does not rise to the level of objective deliberate

2                                                                    23-3497

indifference. *Id.* at 1125 (explaining that mere negligence does not rise to the level of objective deliberate indifference).

The district court properly dismissed the inadequate medical care claim alleged against Pierce County because plaintiff failed to allege facts to establish that an unconstitutional policy or custom caused a constitutional violation. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (setting forth the standard for municipal government liability under 42 U.S.C. § 1983).

The district court did not abuse its discretion by denying leave to file a second amended complaint to add new defendants because plaintiff knew about the defendants and relevant facts when he filed his original complaint. *See Jackson*, 902 F.2d at 1388 (explaining that courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" when determining undue delay in seeking leave to amend).

The district court did not abuse its discretion by finding that exceptional circumstances did not support appointment of counsel. *See Wilborn*, 789 F.2d at 1331 (setting forth the exceptional circumstances standard).

**AFFIRMED.**